IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**DAVID E. RICKETTS,**                   :
                                         :
    **Plaintiff,**                     :    CIVIL NO. 1:CV-07-0049
                                         :
    v.                                :    (Judge Rambo)
                                         :
**AW of UNICOR, *et al.*,**              :
                                         :
    **Defendants.**                    :

**MEMORANDUM and ORDER**

**I.    Introduction**

Plaintiff, David E. Ricketts, an inmate at the United States Medical Center for Federal Prisoners at Springfield, Missouri, commenced this action *pro se* by filing a *Bivens*[1] civil rights complaint. Plaintiff claims that while he was previously incarcerated in the United States Penitentiary at Lewisburg, Pennsylvania, he was assaulted by another inmate and suffered severe injuries as a result of the attack. Pending before the court are Plaintiff's first and second motions for appointment of counsel (Docs. 4 and 8). For the reasons that follow, the motions will be denied.

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

## II. Discussion

Although litigants have no constitutional or statutory rights to appointment of counsel in a civil case, the court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). *Montgomery v. Pinchak,* 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)); *see also Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). In *Tabron*, the Third Circuit Court of Appeals developed a list of criteria to aid the district courts in weighing the appointment of counsel for indigent civil litigants. As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law. *Tabron,* 6 F.3d at 155.

If a claimant overcomes this threshold hurdle, the Third Circuit Court of Appeals identified a number of factors that a court should consider when assessing a claimant's request for counsel. These include (1) the plaintiff's ability to present his own case, (2) the difficulty of the particular legal issues, (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation, (4) the plaintiff's capacity to retain counsel on his own behalf, (5) the extent to which a case is likely to turn on credibility determinations, and (6) whether the case will require testimony from expert witnesses. *Id.* at 155-57. Furthermore, the appointment of counsel for an indigent litigant should be made when

circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

Here, Plaintiff's motions fail to set forth sufficient circumstances to warrant appointment of counsel. Assuming, solely for the purpose of deciding this motion, that Plaintiff's complaint has arguable merit, Plaintiff has not demonstrated that he is incapable of presenting comprehensible arguments. Although Plaintiff is financially unable to retain counsel, which would weigh in favor of appointing counsel, Plaintiff has set forth his complaint in legibly handwritten, plain, and concise statements. The legal issues are relatively uncomplicated, investigation does not appear to be beyond the ability of Plaintiff, expert testimony is not likely to be required, and the court cannot say, at least at this point, that Plaintiff will suffer prejudice if he is forced to prosecute this case on his own. Furthermore, this court's liberal construction of *pro se* pleadings, *see Haines v. Kerner*, 404 U.S. 519, 519 (1972), weighs against the appointment of counsel.

Therefore, Plaintiff's motions for appointment of counsel will be denied. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either by the court on its own initiative, or upon a properly filed

motion by the Plaintiff.

**AND NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

Plaintiff's motions for appointment of counsel (Docs. 4 and 8) are **DENIED**. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either by the court on its own initiative, or upon a motion properly filed by the Plaintiff.

                                         s/Sylvia H. Rambo
                                         Sylvia H. Rambo
                                         United States District Judge

Dated: February 13, 2007.