**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

DAVID E. RICKETTS, :
:
PLAINTIFF : CIVIL ACTION NO. 1:CV-07-0049
: (JUDGE RAMBO)
vs. :
: BIVENS ACTION §1983
ASSOCIATE WARDEN OF UNICOR :
et al, :
:
DEFENDANTS :

**AMENDED COMPLAINT**

## I. JURISDICTION:

The jurisdiction of this Court lies under and pursuant to the Federal Rules of Civil Procedure 8(a) and 28 U.S.C. § 1331 and 28 U.S.C. 1343(a)(3). These statutory provisions give the Court authority over this action.

At the onset of this action the Plaintiff was a prisoner at the United States Penitentiary (USP Lewisburg) located in the Middle District of Pennsylvania, but has been since transferred to the United States Medical Center for Federal Prisoners at Springfield, Missouri, P.O. Box 4000, 65801.

Defendant, Associate Warden of UNICOR at USP Lewisburg is employed at the USP Lewisburg as the Associate Warden of UNICOR,

which is a Corporation run and operated by and under the auspices of the United States Department of Justice, Bureau of Prisons (UNICOR) Division, that employs inmate workers.

The Defendant (Associate Warden UNICOR) Laws was employed at the time of this incident as a federal official employed at the USP Lewisburg UNICOR, thereby making him a federal official.

Defendant Cheasley, Supervisor Millwright, is an employee of the Bureau of Prisons UNICOR at USP Lewisburg at the time of this incident and is thereby a federal official.

Defendant Mr. Young, Supervisor Construction, UNICOR was employed at the time of this incident as a federal official of the Bureau of Prisons.

Defendant Mr. Kratzer, Welding Shop 2 Supervisor was employed as a federal official at USP Lewisburg UNICOR at the time of this incident and was thereby a federal official.

All of the Defendant's in this action were and are federal officials acting under color of the law in their official and personal capacities.

The issues presented in this BIVENS action are Constitutional rights that were arbitrarily denied and overlooked by the named Defendants, to include Cruel and Unusual Punishment, right to be protected under Equal Protection Clauses and other Amendments of the United States Constitution.

## II. PREVIOUS LAWSUITS:

A. There are no other pending or past lawsuits in state or federal Court relating to my imprisonment

## III. GRIEVANCE PROCEDURE:

There is a grievance procedure in the USP Lewisburg and the PLaintiff took the following steps to implement those procedures as required.

On May 30, 2006 Plaintiff submitted a BP-8 (Informal Resolution Form ) to his Counselor.(See Apendix A and it was signed by the Counselor on May 31, 2006.

On June 13, 2006 after being unable to resolve the matter informally, Plaintiff submitted a BP-9 and was answered by the Administrative Remedy Coordinator J. McGuire, which amounted to a Rejection Notice stating that "Your request is untimely. Institution and CCC Requests (BP-9) must be received w/20 days of the event complained about. (See Appendix B & C)

On June 29, 2006 Plaintiff submitted a BP-10 to the Regional Office of the Bureau of Prisons. (See Appendix D)

On August 3, 2006 Plaintiff received a Response from the Regional Office denying relief requested.

On July 24, 2006, Plaintiff submitted a BP-11 to the Central Office regarding his complaint. (See Appendix E)

On August 3, 2006 Plaintiff received a Response from the Central Office Administrative Remedy Coordinator and was denied relief as requested. (See Appendix F).

Plaintiff also filed an Administrative Tort Claim dated August 15, 2006. (See Appendix G)

Plaintiff received a response back from the Regional counsel, Henry J. Sadowski in reference to his Administrative Tort Claim # TRT-NER-2006-05554.

Plaintiff has exhausted his Administrative Remedy Process as required.

**IV. STATEMENT OF CLAIM:**

Plaintiff asserts that the following took place to lead to the filing of this BIVENS Action:

1. On August 20, 2004, while incarcerated at the United States Penitentiary Lewisburg (USP), Plaintiff was employed in the Bureau of Prisons UNICOR program as a Welder in the Welder 2 Shop.

2. On the date described above, while welding in his assigned Shop Plaintiff was attacked and stabbed with a 3/8 inch scredriver twenty two (22) times in his C-2 and C-3 vertabra breaking my neck in two (2) places causing his spinal cord to die, and was stabbed once down through the neck, puncturing my lung.

**DEFENDANT'S ROLES:**

1. Associate Warden Laws failed in his duties as a federal official to oversee and manage his employees interdepartmental policies and procedures (BOP Policies & Procedures) concerning the handling and security of "Class A Tools", and their movement within the institution and more importantly, through the Shops.

2. Defendant Cheasley, Millwright Supervisor, failed in his official capacity to oversee and manage his employees and the distribution, security and the movement of "Class A Tools", to include the check-out procedures and movement within the Shop.

3. Defendant Mr. Young, Millwright, Construction Supervisor failed in his official capacity to assure that the proper safety and security procedures and precautions pertaining to the passing through double doors and a metal detector by inmate employees of UNICOR, with a Class A Tool unchecked without a proper Work Order.

4. defendant Mr. Kratzer, Welding Shop 2 Supervisor failed in his official capacity to properly identify an inmate employee without the proper Work Order in his Shop who was not authorized to be in the Shop.

As a result of the gross negligence, deliberate indifference and failure to perform assigned duties in their official capacities, these Defendant's caused the Plaintiff to suffer the deprivation of federal rights as assured under the Fourth Amendment and Eighth Amendment to the United States Constitution.

Plaintiff has assured that all averments of claim are in the required paragraphic style above in accordance with Federal Rules Civil Procedure Rule (10)(b).

**V. REQUEST FOR RELIEF:**

Plaintiff requests compensatory and punitive damages in the amount of five million ($5,000.000.00) dollars;

UNICOR Back pay from August 20, 2004 to present in Worker's Compensation at 70% continued after release.

**VI. JURY DEMAND:**

The Plaintiff does request a trial by jury, pursuant to Federal Rules of Civil Procedure (38).

**Declaration Under Federal Rule of Civil Procedure 11**

I, the undersigned certify to the best of my knowledge, infomation, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Fed. Rules of Civ. Procedure. The undersigned also recognizes that failure to comply with Rule 11(a) and (b) may result in sanctions, monetary or non-monetary, pursuant to Federal Rules of Civil Procedure 11 (c).

The Plaintiff hereby requests the Court issue all appropriate service and/or notices to the defendant(s).

Signed this 27 day of February, 2007.

David E. Rihitto
Signature of Plaintiff

**CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY THAT THE FOREGOING AMENDED COMPLAINT IN THE FORM OF A §1983 BIVENS ACTION AND THE MOTION FOR RECONSIDERATION FOR APPOINTMENT OF COUNSEL HAS BEEN SENT TO THE CLERK OF THE COURT ON THIS 27 DAY OF February, 2007 VIA UNITED STATES POSTAL SERVICE, PREPAID FIRST CLASS MAIL.

David E. Ricketts
DAVID E. RICKETTS, PRO SE PLAINTIFF

DATED: Feb. 27, 2007

IN THE UNITED STATES DISTRICT COURT
For the Middle District of Pennsylvania

David Roberts C9486 UAC

Plaintiff/Petitioner(s).

-vs-

[illegible] Mr. Laws et al,

Defendant/Respondent(s).

Docket No. 1:CV-07-0049
(To be supplied by the Clerk)
(Judge Rambo)

☐ CIVIL RIGHTS COMPLAINT pursuant to 42 U.S.C. §1983 (State Prisoner)

☒ CIVIL RIGHTS COMPLAINT pursuant to 28 U.S.C. §1331 (Federal Prisoner)

☐ CIVIL COMPLAINT pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346, 2671-2680

I. JURISDICTION

A. Plaintiff's mailing address and/or register number and present place of confinement.
Medical Center for Federal Prisoners P.O. Box 4000
Springfield, Mo. 65801

B. Defendant Mr. Laws is employed as
(Name of First Defendant)
A.W. [illegible]
(Position/Title)
with [illegible] - USP Lewisburg, Lewisburg Pa.
(Employer's Name and Address)
P.O. Box [illegible]

At the time the claim(s) alleged in this complaint arose, was the defendant employed by the state, local or federal government? Yes (X) No ( )

If your answer is "yes", briefly explain:
Assistant Warden of [illegible] at USP Lewisburg

Rev. 2/00

C. Defendant John Cheasley (sic) is employed as
(Name of Second Defendant)
Supervisor of Millwright Dept.
(Position/Title)
with Unicor - USP Lewisburg
(Employer's Name and Address)

At the time the claim(s) alleged in this complaint arose, was the defendant employed by the state, local or federal government?

Yes (X) No ( )

If your answer is "yes", briefly explain:

Direct Supervisor over others [illegible] within the Millwright Shop and its day to day workings.

D. Using the outline of the form provided, include the above information for any additional defendant(s).

1) Mr. Jay Young - Supervisor of inmates working on Contraction crews, is a employee of the Federal gov.
2) Mr. Kratzer (sic) Supervisor of the weld shop is an employee of the Federal government.

## II. PREVIOUS LAWSUITS

A. Have you begun any other lawsuits in state or federal court relating to your imprisonment?

Yes (✓) No ( )

B. If your answer to "A" is "yes", describe the lawsuit(s) in the space below. (If there is more than one (1) lawsuit, you must describe the additional lawsuits on another sheet of paper, using the same outline.) <u>**Failure to comply with this provision may result in summary denial of your complaint.**</u>

This is the amended complaint of this original lawsuit.

1. Parties to previous lawsuits:
Plaintiff(s) "David Ricketts

Defendant(s) Aw Unicor et al.

2. Court (if Federal Court, name the District; if State Court, name the County)
United States District Court Middle district of Penn.

3. Docket number 1: CV-07-0049

4. Name of Judge to whom case was assigned Judge Rambo

5. Type of case (for example: Was it a Habeas Corpus or Civil Rights action?)
Civil Rights Action

6. Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?)
Was dismissed without prejudice so an amended complaint could be drafted.

7. Approximate date of filing lawsuit

8. Approximate date of disposition Feb. 13, 2007

## III. GRIEVANCE PROCEDURE

A. Is there a prisoner grievance procedure in the institution? Yes

B. Did you present the facts relating to your complaint in the prisoner grievance procedure?
Yes (X) No ( )

C. If your answer is "yes",
1. What steps did you take? BP 8½, BP 9, BP 10, BP 11 And Tort Forms
2. What was the result? Denied

D. If your answer is "no", explain why not.

E. If there is no prisoner grievance procedure in the institution, did you complaint to prison authorities? Yes ( ) No ( )

F. If your answer is "yes",

1. What steps did you take? ______________________

2. What was the result? ______________________

G. If your answer is "no", explain why not. ______________________

H. Attac[illegible]pies of your request for an administrative remedy [illegible]d the response(s) you received. If yo[illegible] not do so, explain why not: ______________________

## IV. STATEMENT OF CLAIM

State here, as briefly as possible, the FACTS of your case. State who, what, when, where and how you feel your constitutional rights were violated. Do not cite cases or statutes. If you choose to submit legal arguments or citations, you must do so in a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, **attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits.**

**Only two (2) extra pages (8½ x 11") are permitted, if necessary, to complete your statement of claim.** Additionally, attach any relevant, supporting documentation.

On August 26, 2004 while welding in the weld 2 shop, a Mr. Vardanski (sic) took a 3½ inch phillips screwdriver from the millwright tool room, was able to make it threw 2 security doors to enter the weld 2 shop area where he proceeded to stab me in the back of my neck 22 time thereby breaking my C-2 and C-3 vertabra, killing half of my spinal cord. He (Mr. Vardanski (sic) stabbed me once down threw the back of my shoulder puncturing my lung. I am now paralized on my whole left side, unable to do just about everything.

Rev. 2/00

[Page content fully redacted]

## V. REQUEST FOR RELIEF

State exactly what you want the Court to do for you. If you are a state or federal prisoner, and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records or parole release), you must file your claim on a Habeas Corpus form, pursuant to 28 U.S.C. §2254, 28 U.S.C. §2255, or 28 U.S.C. §2241.

$5,000,000 five million dollars plus 70% of my grade 1 UNICOR workmans Compensation from August 20, 2004 to present and to continue to my release.

## VI. JURY DEMAND *(check one box below)*

The plaintiff does ☒ does not ☐ request a trial by jury. (*See* Fed.R.Civ.P. 38.)

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I, the undersigned, certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11(a) and (b) may result in sanctions, monetary or non-monetary, pursuant to Federal Rule of Civil Procedure 11(c).

The plaintiff hereby requests the Court issue all appropriate service and/or notices to the defendant(s).

Signed this ____ day of ____________, 2007.

______________________________
Signature of Plaintiff

______________________________
Signature of attorney, if any

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID E. RICKETTS,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL NO. 1:CV-07-0049** |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **AW of UNICOR, *et al.*,** | : | |
| | : | |
| **Defendants.** | : | |

Dear Cleck,

Please find the following;

1.) Amended Complaint for my previous Bivens Action §1983, per order February 13, 2007

2.) Reconsideration of previously filed motion for counsel.

3.) Exhibits for the institutional remedy's that have been filed, along with the tort claim that was filed.

David E. Ricketts
DAVID E. RICKETTS
Pro Se Plaintiff