IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID E. RICKETTS,** | : | |
| | : | |
| Plaintiff | : | CIVIL NO. 1:CV-07-0049 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **AW of UNICOR,** *et al.***,** | : | |
| | : | |
| **Defendants** | : | |

**MEMORANDUM and ORDER**

**I.   Introduction**

Plaintiff, David E. Ricketts, an inmate at the United States Medical Center for Federal Prisoners at Springfield, Missouri, commenced this action *pro se* by filing a *Bivens*[1] civil rights complaint.  Thereafter, Plaintiff filed an amended complaint (Doc. 17).  Plaintiff claims that while he was previously incarcerated in the United States Penitentiary at Lewisburg, Pennsylvania, he was assaulted by another inmate and suffered severe injuries as a result of the attack.  By order of this court dated February 13, 2007, Plaintiff's first and second motions for appointment of counsel were denied.

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

Pending before the court is Plaintiff's third motion for appointment of counsel (Doc. 18). For the reasons that follow, the motion will be denied.

## II. **Discussion**

Although litigants have no constitutional or statutory rights to appointment of counsel in a civil case, the court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). *Montgomery v. Pinchak,* 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)); *see also Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). In *Tabron*, the Third Circuit Court of Appeals developed a list of criteria to aid the district courts in weighing the appointment of counsel for indigent civil litigants. As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law. *Tabron,* 6 F.3d at 155. If a claimant overcomes this threshold hurdle, the Third Circuit Court of Appeals identified a number of factors that a court should consider when assessing a claimant's request for counsel. These include (1) the plaintiff's ability to present his own case, (2) the difficulty of the particular legal issues, (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation, (4) the plaintiff's capacity to retain counsel on his own behalf, (5) the extent to which a case is likely to turn on credibility determinations, and (6) whether the case will require testimony from expert

witnesses. *Id.* at 155-57.  Furthermore, the appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

      Here, Plaintiff's motion fails to set forth sufficient circumstances to warrant appointment of counsel.  Assuming, solely for the purpose of deciding this motion, that Plaintiff's amended complaint has arguable merit, Plaintiff has not demonstrated that he is incapable of presenting comprehensible arguments.  Although Plaintiff is financially unable to retain counsel, which would mitigate in favor of appointing counsel, Plaintiff has set forth his amended complaint in typewritten, plain and concise statements.  The legal issues are relatively uncomplicated, investigation does not appear beyond the ability of Plaintiff, expert testimony is not likely to be required, and the court cannot say, at least at this point, that Plaintiff will suffer prejudice if he is forced to prosecute this case on his own. Furthermore, this court's liberal construction of *pro se* pleadings weighs against the appointment of counsel. *Haines v. Kerner*, 404 U.S. 519 (1972).  Ultimately, this Court does not see any change in the Plaintiff's circumstances since  denial of his prior motions for appointment of counsel which would warrant a different result on the pending motion.

3

**IT IS THEREFORE ORDERED THAT** Plaintiff's third motion for appointment of counsel (Doc. 18) is **DENIED**.  If future proceedings demonstrate the need for counsel, the matter may be reconsidered either by the court, on its own initiative, or upon a motion properly filed by the Plaintiff.

s/Sylvia H. Rambo<br>
Sylvia H. Rambo<br>
United States District Judge

Dated: May 30, 2007.