IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **DAVID E. RICKETTS,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL NO. 1:CV-07-0049** |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **AW of UNICOR,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM and ORDER

Presently pending before the court are several motions filed by Plaintiff relating to appointment of counsel and discovery. These motions are disposed of below.

## I.   Motion to Appoint Counsel

_____Plaintiff filed a motion for appointment of counsel (Doc. 25) and a motion for reconsideration of a prior denial of a motion to appoint counsel (Doc. 26). Although indigent litigants have no constitutional or statutory rights to appointment of counsel in a civil case, the court has broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). *Tabron v. Grace,* 6 F.3d 147, 153 (3d Cir. 1993).[1] In addition

---

[1] The *Tabron* Court noted that "the district court must consider as a threshold matter the merits of the plaintiff's claim." *Tabron*, 6 F.3d at 155. Next, if a claim has arguable merit, "[t]he plaintiff's ability to present his or her claim is, of course, a significant factor that must be considered
(continued...)

to the factors just noted, under *Tabron*, a district court's decision whether to appoint counsel should also be "informed" by a consideration of the following factors: "the difficulty of the particular legal issues;" "the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation;" whether "a case is likely to turn on credibility determinations;" "where the case will require testimony from expert witnesses;" and  "whether an indigent plaintiff could obtain counsel on his or her own behalf."  *Id.* at 156, 157 n.5.

The *Tabron* Court also held that the "appointment of counsel under § 1915(d) may be made at any point in the litigation and may be made by the district court *sua sponte*."  *Id.* at 156.  Finally, the *Tabron* Court acknowledged that "courts have no authority to compel counsel to represent an indigent civil litigant," *id.* at 157 n.7, and cautioned against the indiscriminate appointment of counsel in view of the limited supply of competent attorneys willing to accept such appointments.  *Id.* at 157.

In a subsequent decision, the Third Circuit Court of Appeals reiterated that "[i]ndigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel."  *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002)

---

[1](...continued)
in determining whether to appoint counsel."  *Id.* at 156.  "If it appears that an indigent plaintiff with a claim of arguable merit is incapable of presenting his or her case, serious consideration should be given to the appointing of counsel . . . and if such a plaintiff's claim is truly substantial, counsel should ordinarily be appointed."  *Id.* at 156.

2

(citation omitted).  The *Montgomery* Court recognized that the criteria set forth in *Tabron* should be employed in addressing the appointment of counsel issue.  In a recent, non-precedential decision, *Gordon v. Gonzalez*, No. 04-4623, 2007 WL 1241583, *2 n.4 (3d Cir. Apr. 30, 2007), the Third Circuit Court of Appeals added that two other factors to be taken into consideration are: (1) the court's willingness to aid the indigent party in presenting his or her case; and (2) the available supply of lawyers willing to accept § 1915(e) requests within the relevant geographical area.

Considering Plaintiff's request in light of the factors above, Plaintiff's claims do appear to have some merit in fact and law, and, thus, he has cleared the initial threshold.  As noted by Plaintiff in a past motion to appoint counsel, the most significant consideration is that Plaintiff's injuries, including paralysis on the left side of his body, hampers his ability to prosecute this case.  (*See* Doc. 8 at 1.)  In particular, it would be difficult for Plaintiff to undertake the factual investigation that will be necessary to adequately present his claims.  Accordingly, his motion for appointment of counsel will be granted provided *pro bono* counsel can be found through the *Pro Bono* Panel of the Federal Bar Association for the Middle District of Pennsylvania.  However, should the court be unable to locate counsel to assist Plaintiff in this matter, he must litigate the case himself.

3

## II.   <u>Motion for Inspection and Discovery</u>

Plaintiff filed a motion for inspection and discovery (Doc. 27).  Plaintiff does not allege that he has served requests for inspection or discovery on Defendants that have not been answered such that he is seeking an order compelling inspection or a response from Defendants.  In light of the decision to grant Plaintiff's motion to appoint counsel, the court will allow a new time period of discovery.  The court will issue an order setting the time period for discovery following its efforts to locate counsel for Plaintiff.  Accordingly, the court will deny Plaintiff's motion without prejudice to his ability to serve discovery requests upon Defendants during the new discovery period.  Should this court's efforts to locate counsel for Plaintiff be unsuccessful, Plaintiff is advised that in engaging in discovery, he should closely follow the Federal Rules of Civil Procedure and Local Rules of the Middle District of Pennsylvania, and he must be prompt in filing motions with the court if he encounters difficulties with discovery.

**IT IS THEREFORE ORDERED THAT:**

1.  Plaintiff's motions for appointment of counsel (Doc. 25) and for reconsideration of a prior denial of a motion to appoint counsel (Doc. 26) are **GRANTED** provided a member of the *Pro Bono* Panel of the Middle District of Pennsylvania Chapter of the Federal Bar Association agrees to volunteer to represent

4

Plaintiff.  Plaintiff is advised that locating *pro bono* counsel may take some time; he

will be notified in writing of the results of the search for counsel as soon as possible.

    2.  If the court is unable to locate counsel to represent Plaintiff, he will proceed

*pro se*.

    3.  Plaintiff's motion for inspection and discovery (Doc. 27) is **DENIED**

without prejudice to his ability to serve discovery requests upon Defendants during

the new discovery period that will commence upon order of this court.  Thus, all case

management deadlines are stayed until further order of court.


                                        s/Sylvia H. Rambo
_____SYLVIA H. RAMBO
                                       United States District Judge
Dated:  May 6, 2008.

5