IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **DAVID E. RICKETTS,** | : | |
| | : | |
| Plaintiff | : | CIVIL NO. 1:CV-07-0049 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| AW of UNICOR, *et al.*, | : | |
| | : | |
| Defendants | : | |

## **M E M O R A N D U M**

Plaintiff David E. Ricketts, an inmate at the United States Medical Center for Federal Prisoners in Springfield, Missouri ("USMCFP-Springfield"), commenced this action *pro se* by filing a complaint alleging a *Bivens*[1] civil rights claim as well as a claim under the Federal Tort Claims Act ("FTCA")[2] (Doc. 1).  Plaintiff alleges that, on August 20, 2004, while he was incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg") and working as a welder, he was attacked by another inmate, who stabbed him 22 times in the neck with a 3/8 inch

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

[2] 28 U.S.C. § 2671, *et seq.*

screwdriver. He alleges that Defendants' negligence and deliberate indifference in overseeing the operations of the welding shop deprived him of his rights under the Fourth and Eighth Amendments to the United States Constitution.

Presently before the court is Defendants' motion to dismiss (Doc. 29) Plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). The motion has been fully briefed and is ripe for disposition. For the reasons set forth below, the motion will be denied.

Also pending is Plaintiff's motion to strike Defendants' motion to dismiss (Doc. 38), which will be denied.

I. **Background**

   A. **Allegations of Complaint**

During his incarceration at USP Lewisburg, Plaintiff was employed by the UNICOR program as a welder in the Welder 2 shop. (Doc. 17 at 5.) On August 20, 2004, while Plaintiff was welding in his assigned shop, he was attacked by another inmate and stabbed 22 times in his neck with a 3/8 inch screwdriver. (*Id.*) The stabbing broke Plaintiff's neck in two places, which caused spinal cord death, and punctured his lung. (*Id.*)

Plaintiff names as defendants the following employees of the UNICOR program at USP Lewisburg and makes the following allegations against them:

2

(1) Raymond Laws, associate warden.  Plaintiff alleges that Laws "failed in his duty as a federal official to oversee and manage his employees" according to the Federal Bureau of Prisons ("BOP") policies as to the handling and security of "Class A Tools," and their movement within the institution, especially within the welding shops.  (*Id.* at 5.)

(2) John Sheesley, Millwright supervisor.  Plaintiff alleges that Sheesley failed in his official capacity to oversee and manage his employees as well as the distribution, security, and movement of "Class A Tools," including check-out procedures and movement within the welding shop.  (*Id.*)

(3) Jay Young, construction supervisor; Plaintiff alleges that Young failed in his official capacity to ensure that proper safety and security procedures were followed with respect to inmate employees of UNICOR passing through double doors and a metal detector with a Class A Tool that is unchecked and without a proper work order (*Id.* at 6); and

(4) Keith Kratzer, Welder Shop 2 supervisor; Plaintiff alleges that Kratzer failed in his official capacity to properly identify an inmate employee who was not authorized to be in the welding shop and who did not have the proper work order.  (*Id.*)

Ricketts generally alleges as follows: "As a result of the gross negligence,

3

deliberate indifference and failure to perform assigned duties in their official capacities, these Defendant's [*sic*] caused the Plaintiff to suffer the deprivation of federal rights as assured under the Fourth Amendment and Eighth Amendment to the United States Constitution." (*Id.* at 6.)

As relief, Ricketts requests compensatory and punitive damages in the amount of $5,000,000. (*Id.* at 7.) He also requests "UNICOR back pay from August 20, 2004 to present in Worker's Compensation at 70% continued after release."

### B.     Exhaustion of Administrative Remedies

On May 30, 2006, Plaintiff filed an informal resolution form with his correctional counselor. (*See* Doc. 19 at 1.) The counselor's response, dated May 31, 2006, stated that the counselor was unable to resolve the complaint at that level and advised Plaintiff to file a request for administrative remedy form.

On June 13, 2006, Plaintiff filed a request for administrative remedy form. Plaintiff requested workers' compensation for the injuries he suffered on August 20, 2004 when he was attacked by a fellow inmate while working as a welder in the UNICOR program. (*Id.* at 2.) In his request, he explained that the inmate stabbed him with a Class A tool that he obtained from the millwright shop where he was working. (*Id.* at 3.) On June 16, 2006, the administrative remedy coordinator at USMCFP Springfield denied Plaintiff's request as untimely, noting that such requests

must be received within twenty days of the injury.  (*Id.* at 4.)

On June 29, 2006, Plaintiff filed a regional administrative remedy appeal in which he stated that he was unable to file a request within twenty days from the event he was complaining about because he was paralyzed and hospitalized in a medical center during that time.  (*Id.* at 5-6.)  Plaintiff explained that, following the attack, he was transferred first to Evangelical Hospital and then life flighted to Geisinger Medical Center, where remained hospitalized from August 20, 2004 until September 8, 2004 in a paralyzed state.  (*Id.* at 6.)  He stated that he was then transferred to the intensive care unit at FMC Devins where he remained until April 4, 2004.[3]  (*Id.*)  While he was in the intensive care unit, he required assistance "to use the toilet or any other activity I had to do whenever I left the bed."  (*Id.*)  He noted that he remains paralyzed.  (*Id.*)

Plaintiff did not provide a copy of the response of the regional coordinator to his appeal.  However, he attached the August 3, 2006 response to the appeal he filed with the BOP Central Office.  (*Id.* at 7.)  In that response, the central office coordinator concurred with the regional coordinator's rationale for rejecting

---

[3] It appears that Plaintiff made a typographical error as to the date he was released from FMC Devins.  Because the incident occurred on August 20, 2004, it is not possible that he was released from FMC Devins on April 4, 2004.  It is unknown whether he was released on April 4, 2005 or April 4, 2006.

5

Plaintiff's appeal, which was that Plaintiff's request was untimely because it was not filed within twenty days of the stabbing. (*Id.*)

### C.     Procedural History

Ricketts filed his complaint on January 10, 2007. By order dated February 13, 2007, his complaint was dismissed for failure to comply with Federal Rules of Civil Procedure 8 and 10, and he was given an opportunity to submit an amended complaint within twenty (20) days. (Doc. 15.) Ricketts filed an amended complaint (Doc. 17), and service of the complaint was directed by order dated May 30, 2007 (Doc. 21).

On September 21, 2007, Defendants filed the instant motion to dismiss (Doc. 29). A supporting brief was filed on October 3, 2007 (Doc. 35). After the court extended the deadline to November 15, 2007 for Plaintiff to file his opposition to Defendants' brief, on November 13, 2007, he filed his brief in opposition (Doc. 40) and supporting affidavit (Doc. 41). Plaintiff also filed a motion to strike Defendants' motion to dismiss (Doc. 38) and a supporting brief (Doc. 39), which will be disposed of below.

### II.    Plaintiff's Motion to Strike Defendants' Motion to Dismiss

Ricketts has moved to strike Defendants' motion to dismiss on the basis that

6

the brief in support of the motion to dismiss was not timely filed. (Docs. 38, 39.) The motion to dismiss was filed on September 21, 2007 (Doc. 29). The United States District Court for the Middle District of Pennsylvania Local Rule 7.5 provides that, within ten (10) days after the filing of any motion prior to trial, the party filing the motion shall file a supporting brief. Federal Rule of Civil Procedure 6(a) provides that, in computing time in the Federal Rules or in the local rules of a district court, when the period of time is less than 11 days, intermediate Saturdays, Sundays, and legal holidays are to be excluded from the computation.[4] Accordingly, because Defendants filed their motion to dismiss on Friday, September 21, 2007, their supporting brief was due on Friday, October 5, 2007. As such, their brief filed on October 3, 2007 was timely filed, and Plaintiff's motion to strike (Doc. 38) will be denied.

### III. Motion to Dismiss

#### A. Legal Standard

Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

---

[4] The December 1, 2007 amendment to Fed. R. Civ. P. 6, which took effect after Plaintiff filed his motion to strike, altered the wording of the rule, but did not alter the method for computing time when the time period is less than 11 days.

8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Fair notice" in Rule 8(a)(2) "depends on the type of case — some complaints will require at least some factual allegations to make out a showing that the pleader is entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quotation omitted). "A situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Id.* A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief. *Twombly*, 127 S. Ct. at 1965; *accord, e.g., Phillips*, 515 F.3d at 238-39; *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (The court is not "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation.") (quotations and citations omitted)); *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).

A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200

(2007), and all reasonable inferences permitted by the factual allegations, *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007). *Accord Phillips*, 515 F.3d at 233.  If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss.  *Twombly*, 127 S. Ct. at 1965, 1974; *Phillips*, 515 F.3d at 234; *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007); *Stevenson v. Caroll*, 495 F.3d 62, 66 (3d Cir. 2007).  This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action.  *Twombly*, 127 S. Ct. at 1965, *quoted in Phillips*, 515 F.3d at 234.

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record."  *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).  The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]."  *Pension Benefit*, 998 F.2d at 1196. Additionally, "documents whose contents are alleged in the complaint and whose

authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted). However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *Youse v. Carlucci,* 867 F. Supp. 317, 318 (E.D. Pa. 1994). Such a complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), *quoted in Erickson*, 127 S. Ct. at 2200.

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a civil rights complaint that is merely deficient. *See, e.g.*, *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113,

116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

### B.  Discussion

In their motion to dismiss, Defendants argue that the court should dismiss Plaintiff's complaint because he failed to properly exhaust all available administrative remedies and failed to file his complaint within the applicable two year statute of limitations period. The court disagrees for the reasons set forth below.

Both failure to exhaust and the statute of limitations are affirmative defenses that must be pleaded and proven by Defendants pursuant to Fed. R. Civ. P. 8(c). The Supreme Court has held that failure to exhaust under the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996) is an affirmative defense and an inmate is not required to specially plead exhaustion. *Jones v. Bock*, 549 U.S. 199, —, 127 S. Ct. 910, 919-20 (2007); *Ray v. Kertes*, 285 F.3d 287 (3d Cir. 2002) (holding that "no provision of the PLRA requires pleading exhaustion with particularity," while construing the PLRA requirements in light of the Supreme Court decision in *Swierkeiwicz v. Sorema, N.A.,* 534 U.S. 506 (2002)). While a complaint may be subject to dismissal under Fed. R. Civ. P. 12(b)(6) when an affirmative defense such as the statute of limitations or exhaustion appears on its face, the

11

Supreme Court has held that prisoners are not required to specially plead or demonstrate affirmative defenses such as exhaustion and the statute of limitations in their complaints. *See Jones*, 549 U.S. at —; 127 S. Ct. at 919-20.

### 1. **Exhaustion**

The PLRA, which requires a prisoner to present his claims through an administrative grievance process before seeking redress in federal court, provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are *available* are exhausted.

42 U.S.C. § 1997e(a) (emphasis added). "Available" remedies are those "capable of use" or those "at hand." *Brown v. Croak*, 312 F.3d 109, 113 (3d Cir. 2002).

Defendants argue that Plaintiff's claim should be dismissed because the Bureau of Prisons has established an Administrative Remedy Procedure and Plaintiff failed to timely exhaust his remedies under that procedure. In order for a federal prisoner to exhaust his administrative remedies, he must comply with the Administrative Remedy Procedure set forth in 28 C.F.R. § 542. *See* 28 C.F.R. § 542.10, *et seq.*; *Lindsay v. Williamson*, No. 1:CV-07-0808, 2007 WL 2155544, at *2 (M.D. Pa. July 26, 2007). An inmate first must informally present his complaint to staff, and staff shall attempt

to informally resolve any issue before an inmate files a request for administrative relief. 28 C.F.R. § 542.13(a). If unsuccessful at informal resolution, the inmate may raise his complaint with the warden of the institution where he is confined. *Id*. at § 542.14(a). The deadline for submission of a request "is 20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. § 542.14(a). The procedure further provides that an extension may be allowed where an inmate demonstrates a valid reason for delay. § 542.14(b). The regulation goes on to state that,

> [v]alid reasons for delay include the following: an extended period in-transit during which the inmate was separated from documents needed to prepare the Request or Appeal; an extended period of time during which the inmate was physically incapable of preparing a Request or Appeal; an unusually long period taken for informal resolution attempts; indication by an inmate, verified by staff, that a response to the inmate's request for copies of dispositions requested under § 542.19 of this part was delayed.

*Id.* If dissatisfied with the response, an inmate may then appeal an adverse decision to the Regional Office and the Central Office of the BOP. *Id*. at §§ 542.15(a) and 542.18. No administrative appeal is considered finally exhausted until a decision is reached on the merits by the BOP's Central Office.

Plaintiff alleges in his complaint that he exhausted his administrative remedies. He also attached copies of his administrative grievances and the responses

13

he received. (*See* Doc. 19.) Plaintiff's initial request was denied as untimely because it was not received within 20 days of his injury. (*See* Doc. 19 at 4.) In his regional administrative remedy appeal filed on June 29, 2006, Plaintiff explained that he was hospitalized in the Geisinger Medical Center in a paralyzed state for the twenty days immediately following the August 20, 2004 incident, and he remained in intensive care and unable to use a toilet or engage in any physical activity without assistance. (Doc. 19 at 6.) His appeal was summarily denied on the grounds that the initial request was untimely, without any discussion of the applicability of 28 C.F.R. § 542.14(b). (*See id.* at 7.)

Viewing these facts in the light most favorable to Plaintiff, the court cannot say that Plaintiff has failed to exhaust his administrative remedies. It is not clear from the face of the complaint and the undisputed documents submitted on this matter that Defendants had in place an effective administrative remedy in this case, or that Plaintiff has failed to comply with it. Defendants' motion to dismiss Plaintiff's claims for failure to exhaust administrative remedies pursuant to Fed. R. Civ. P. 12(b)(6) will be denied.

### 2. **Statute of Limitations**

Defendants argue in their brief in support of their motion to dismiss that Plaintiff's claims are barred by the applicable statute of limitations. However, it is

not clear from the face of the complaint and the attached documents that this action is barred by the statute of limitations. This question as to whether Plaintiff filed this action outside the statute of limitations, as well as whether he failed to exhaust, are more appropriately reserved for a later stage of litigation. For this reason, Defendants' motion to dismiss Plaintiff's claims as time-barred pursuant to Fed. R. Civ. P. 12(b)(6) will be denied.

## V. **Conclusion**

For the foregoing reasons, Defendants' motion to dismiss will be denied. An appropriate order will issue.

>　s/Sylvia H. Rambo
>　SYLVIA H. RAMBO
>　United States District Judge

Dated: May 6, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **DAVID E. RICKETTS,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **CIVIL NO. 1:CV-07-0049** |
| | : | |
| v. | : | |
| | : | (Judge Rambo) |
| | : | |
| **AW of UNICOR,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## O R D E R

In accordance with the foregoing memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1.  Plaintiff's motion to strike (Doc. 38) Defendants' motion to dismiss is **DENIED**.

2.  Defendants' motion to dismiss (Doc. 29) is **DENIED**.

                                             s/Sylvia H. Rambo  
                                             SYLVIA H. RAMBO  
                                             United States District Judge

Dated: May 6, 2008.